IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES L. REYNOLDS,<br>       Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION NO. 3:04-232 |
| | ) |
| METROPOLITAN LIFE<br>INSURANCE CO.,<br>       Defendant. | ) JUDGE KIM R. GIBSON<br>)<br>)<br>) |

## MEMORANDUM OPINION and ORDER

**Gibson, J.**

Now before the Court is Defendant's Itemized Accounting of Rule 11 Costs and Attorney's Fees (Document No. 65), as well as Plaintiff's objections thereto (Document No. 66). The above-captioned matter began when Charles Reynolds ("Reynolds" or "Plaintiff"), through his counsel, James H. Logan ("Logan" or "Plaintiff's counsel"), alleged that Defendant Metropolitan Life Insurance Co. ("MetLife" or "Defendant") violated the Age Discrimination in Employment Act (hereinafter "ADEA"), 29 U.S.C. § 621, *et seq.*, the Pennsylvania Human Relations Act ("PHRA"), 43 PA. C.S. § 951, *et seq.*, and various other state laws when it terminated his employment under the company's sexual harassment policy. Document No. 11. On February 20, 2007, this Court entered summary judgment in MetLife's favor and found that Plaintiff's failure to voluntarily dismiss the various state-law claims after discovery revealed a complete lack of evidentiary support constituted a violation of Fed. R. Civ. P. 11. Document No. 63, pp. 19-20. Accordingly, the Court ordered the accounting *sub judice* so that it could award the appropriate sanction. In opposition, Plaintiff requests reconsideration of the Court's prior Opinion and objects to the reasonableness of the attorney's fees that Defendant seeks.

As an initial matter, the Court will deny Plaintiff's request for reconsideration. Logan first

1

argues that this Court abused its discretion in considering the motions from Defendant that did not comply with the Court's Practices and Procedures. Document No. 66, pp. 1-4. Specifically, Logan contends that the Court should have stricken Defendant's Motion for Sanctions because it was filed without an accompanying memorandum of law, and MetLife's Motion for Summary Judgment because it contained sixty-five pages of text. Without making any finding as to whether or not Defendant actually violated an applicable practice or procedure, however, the Court notes that it retains the discretion to waive—explicitly or implicitly—any failure to strictly adhere to those guidelines that it prescribes. Therefore, the Court will not at this time reconsider its decision to address either of Defendant's motions that Plaintiff now challenges.

Turning to the question of sanctions, the Court first notes that the signed statement of Brian Sprang that Defendant filed on March 26, 2007 (Document No. 68), renders moot Plaintiff's argument that the accounting must be stricken for failure to be supported by the proper affidavits (Document No. 66, pp. 4-5). The only question remaining, therefore, is the extent of the monetary sanctions against Logan and Reynolds.

"The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)). According to the Third Circuit,

> [a]fter determining the number of hours reasonably expended, the district court must examine whether the requested hourly rate is reasonable. Generally, a reasonable hourly rate is to be calculated according to the prevailing market rates in the relevant community. Thus, the court should assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. Once the court determines the reasonable hourly rate, it multiplies that rate by the reasonable hours expended to obtain the lodestar. The lodestar is presumed to be the reasonable fee. However, the district court has the discretion to make certain adjustments to the lodestar.

2

*Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (citations omitted). MetLife's counsel, Connelly, Sheehan, Harris, LLP, is a Chicago firm that specializes in representing management in labor and employment matters. Spang Affidavit, Document No. 68, ¶ 6. Four attorneys and one paralegal combined to work on this matter, charging MetLife fees that range from $344.25 to $63.75 an hour. *Id.* at ¶¶ 3, 13-14; Document No. 65-3, p. 9. Because Defense counsel only records hours worked on a particular matter—as opposed to hours worked on specific issues within a particular matter—it has multiplied the overall attorney's fees associated with opposing Plaintiff's lawsuit by the percentage of pages dedicated exclusively to Reynolds' state-law claims. Document No. 65, pp. 2-3. Using a multiplier of .49—representing twenty-six of fifty-three total pages—Defendant thus seeks compensation for $19,494.74 in attorney's fees, as well as the $4,967.19 spent compiling the itemized accounting, generating an initial lodestar of $24,461.93.[1] *Id.* at 7.

The Court is somewhat skeptical that simply dividing the total number of pages filed in support of the motion for summary judgment by the number of those that specifically address the state-law claims accurately reflects the time dedicated to the individual issues. The federal claim in this case, which did not run afoul of Rule 11, considerably overshadows the state-law claims, each of which necessitated more cursory attention from MetLife. However, the Court need not determine the reasonableness of either the hours worked or the rates charged, for even crediting Defendant's proposed lodestar, the circumstances of this case merit considerable adjustment of that figure. *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988). In *Doering*, the Third Circuit emphasized that a district court must consider mitigating factors—particularly ability to pay—before awarding a prevailing defendant attorney's fees under Rule 11. *Id.* at 195-97. Other reasons that could

---

[1] Defendant has also sought $5,234.19 in costs. Document No. 70. The Clerk of Court has deferred that matter pending the outcome of Plaintiff's appeal. Document No. 71.

3

justify a downward departure from the lodestar include the sanctioned attorney's history of frivolous practice, his reputation in the legal community, the defendant's need for compensation, whether the frivolousness indicated that a less sophisticated response than the one filed would suffice, the importance of not discouraging a certain species of litigation, and the sanctioned party's degree of willfulness. *Id.* at 197 n.6. In general, "[a] district court's choice of deterrent is appropriate when it is the minimum that will serve to adequately deter the undesirable behavior." *Id.* at 194 (citation omitted).

In response to Defendant's accounting, Logan has filed an affidavit describing various health complications and the manner in which they interfered with his work in general and his handling of this case in particular. Document No. 66-2, ¶¶ 7-11. Logan describes the small legal practice he maintains with his wife, who was not involved with this case, and indicates that he was without the benefit of any supporting staff. *Id.* at ¶¶ 4-6. According to the affidavit, which is not corroborated by third-party statements, Plaintiff's counsel cannot recall any prior court-imposed sanction, enjoys "an excellent reputation in Western Pennsylvania . . . as being highly ethical" that is in part responsible for his extensive work as a neutral mediator, and is "generally well-regarded by [his] peers." *Id.* at ¶¶ 16-19. As further credit to his professional character, Logan also cites his current membership on the Judiciary Committee of the Allegheny County Bar Association and his former position as chair of that Association's Labor and Employment Law Section. *Id.* at ¶ 19. Lastly, Logan claims that "the imposition of monetary sanctions upon me will impose an undue financial hardship" and avers that he "already feel[s] chilled and deterred from taking on additional individual employment rights cases and civil rights cases, in fear of having sanctions imposed if one or more of the claims asserted in the complaint is dismissed at the summary judgment stage." *Id.* at ¶¶ 22, 25.

Though the Court would prefer that Logan substantiate his character evidence with third-party

4

corroboration, its own research reveals no history of abusive or prejudicial behavior on the part of Plaintiff's counsel. Additionally, the Court finds it relevant that Plaintiff's federal action was sufficiently colorable to avoid Rule 11 consequences. This attenuates the frivolity and willfulness of Logan's behavior and distinguishes his client's case from one where the entire complaint merits sanctions. Even without the Rule 11 violations, MetLife still would have had to pursue this matter through summary judgment. Additionally, although he offers no financial information into evidence, Logan does aver that any financial sanction will create economic hardship and indicates that the mere threat of sanctions has deterred him from taking on employment and civil rights cases.

Mindful that Rule 11 is not a fee-shifting mechanism, but is intended to deter abusive behavior, the Court finds that it cannot award Defendant the proposed total of attorney's fees allegedly accrued as a result of Defendant's frivolous state-law claims. Rather, the Court can only impose a sanction representing "the minimum that will serve to adequately deter the undesirable behavior." *Doering*, 857 F.2d at 194 (citation omitted). Taking into consideration Defendant's proposed lodestar, Logan's representation that any economic sanction will effect an undue financial hardship, the lack of evidence suggesting a pattern of abusive behavior, and the caution required to ensure that it does not inadvertently chill legitimate litigation, the Court finds that an award of $5,000 will satisfy the intent of Rule 11.

Rule 11 permits the imposition of monetary sanctions against the individual party: "If . . . the court determines that subdivision (b) has been violated, the court may . . . impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation." FED. R. CIV. P. 11(c). In its March 20 Order, the Court indicated that it would levy any award against both Plaintiff Reynolds and Plaintiff's counsel Logan. Document No. 63, pp. 20-21.

5

However, upon its own reconsideration, the Court now holds that the $5,000 sanction should redound solely against the person responsible for framing the legal issues, identifying particular claims, and assessing their evidentiary support. By hiring an attorney, Reynolds sought to interpose a particular expertise between himself and the legal system he was petitioning. In doing so, he also severed his liability for the species of error that the Court now corrects.

An appropriate Order follows

**AND NOW**, this 25th day of April, 2007, upon consideration of Defendant's Itemized Accounting of Rule 11 Costs and Attorney's Fees (Document No. 65), as well as Plaintiff's objections thereto (Document No. 66), **IT IS HEREBY ORDERED** that Plaintiff's counsel James H. Logan shall remit payment directly to Defendant's counsel in the amount of $5,000.00.

**BY THE COURT:**

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**

**Cc: All counsel of record**

6